# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann
XXXXXXXXXXX
ATTORNEY GENERAL.

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. Will Mann Richardson

Opinion No. O-2729
Re: The Secretary of State is not
authorized to approve and grant
the charter application herein
described.

Your recent request for an opinion of this Department upon the matter as herein stated has been received.

We quote from your letter as follows:

"We are in receipt of an application for a charter for a corporation to be named 'Association for Repeal of The Bottle Law'. This application uses the following purpose clause:

'to do a general advertising business, to disseminate by means of advertisement in newspapers, pamphlets, radio programs and by other methods incident to a general advertising business, information relating to the effect of Sub-Section a, b, c and d, of Section 3, Article 666 of the Texas Penal Code and information regarding the result of such statutes in other states outside of Texas and regarding the result which obtains in states which do not have such regulations, and other information of a like nature, for the purpose of advocating the repeal of said Sub-Sections.'

"It will be noted that this purpose is in the wording of Subdivision 41 of Article 1302, followed with language setting out what particular subject is to be advertised. This Department has raised the point that though the corporation is ostensibly organized as an advertising corporation, its real purpose is to persuade the public that a certain law should be repealed and such a purpose is not authorized by Article 1302.

"We would appreciate an opinion from your

Department as to whether we are authorized to grant this charter application with such a purpose clause."

Article 1302, Vernon's Annotated Civil Statutes, reads in part as follows:

"The purposes for which private corporations may be formed are: . . .

"41. To do a general advertising business. . ."

Apparently the real purpose of the above mentioned proposed corporation, is not to do a general advertising business as contemplated by the legislature and authorized by Section 41, Article 1302, supra. But, on the other hand, it is clearly evident that the main or real purpose of said proposed corporation is to conduct a lobbying concern for the specific purpose of securing the repeal of the certain statute, namely subsections a, b, c, and d of Section 3, Article 666 of the Penal Code of this State.

One purpose mentioned in the purpose clause above quoted is lawful; namely, "to do a general advertising business." However, the fact that one purpose mentioned in the charter is lawful does not require the Secretary of State to accept for filing a charter containing an unauthorized purpose in addition to the lawful purpose. (Miller vs. Tod, 67 S. W. 483).

As above stated, the real purpose of the proposed corporation is not to do a general advertising business. Advertising would only be incidental to the real purpose for which the corporation is attempting to be created. Therefore, you are respectfully advised that it is the opinion of this Department that the Secretary of State is not authorized to grant the above mentioned charter application containing the purpose clause as above set out.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:ew:jrb

APPROVED SEPT. 16, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman

Honorable M. O. Flowers, Page 3

charter is lawful does not require the Secretary of State to accept for filing a charter containing an unauthorized purpose in addition to the lawful purpose. (Miller vs. Tod, 67 S. W. 483)

As above stated, the real purpose of the proposed corporation is not to do a general advertising business. Advertising would only be incidental to the real purpose for which the corporation is attempting to be created. Therefore, you are respectfully advised that it is the opinion of this Department that the Secretary of State is not authorized to grant the above mentioned charter application containing the purpose clause as above set out.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ew

APPROVED SEP 16, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *Bcw*
CHAIRMAN